# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS T. MAYO | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| FLO MECHANICAL, LLC | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Thomas T. Mayo ("Plaintiff") was at all times relevant to this complaint a resident of Newark, Delaware.

2. Defendant, Flo Mechanical, LLC, ("Defendant") is a public corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

4. The action is also being brought pursuant to the Civil Rights Act of

1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory employment practices of the Defendant.

## VENUE

5. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff timely filed a written charge of discrimination with the Equal Employment Opportunity Commission on August 11, 2020.

7. The Equal Employment Opportunity Commission issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff March 29, 2021. *EEOC Right to Sue Notice* attached as Ex. 1.

## FACTS

8. Plaintiff Mayo is a 52 year old African American male who was a loyal and hardworking employee of the Defendant since December 1, 2016.

9. Plaintiff Mayo was employed as a Senior Sight Foreman.

10. On April 3, 2020, Mr. Mayo declined to enter Bayhealth Hopsital to retrieve a piece of company equipment.

11. He declined due to the high risk of Covid-19 and reports of the dangers of contacting Covid in a hospital setting.

12. Mayo lives with a family member who is high risk due to being a transplant recipient.

13. As a result of Mayo's refusal, he was immediately terminated.

14. Initially a driver named Tucker, (a white male), was asked to retrieve the equipment by their employer.

15. Tucker also refused to enter the hospital because of risks associated with the COVID-19 pandemic.

16. It was only after Tucker refused that Mayo was called and asked to retrieve the equipment, to which he politely declined, also due to the COVID-19 pandemic.

17. Upon refusal, the superintendent, Daniel Clement, a white male, told Plaintiff to take two-weeks off to quarantine if he did not feel safe.

18. That same day, at 6:00am, Mayo was contacted again by Clement who informed Mayo that he was being laid off.

19. During this phone call, Clement told Mayo, "I don't know what makes you N*****s think you can just make up your own rules."

20. The white driver, Tucker was not terminated despite engaging in identical conduct.

## COUNT I: RACE DISCRIMINATION/RACIAL HARASSMENT

21. Plaintiff restates and realleges paragraphs 1–20, inclusive, as though set forth here in full.

22. Such acts as described above by defendants, its agents and employees, constitute unlawful race discrimination and racial harassment against Plaintiff in violation of Title VII, 42 U.S.C. §2000(6), et seq.

23. As a direct and proximate result of Defendants' unlawful discrimination, by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and the loss of past and future wages and benefits.

24. The language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973)

25. Further, "[t]he broad, overriding interest, shared by employer, employee, and consumer, is efficient and trustworthy workmanship assured through fair and racially neutral employment and personnel decisions. In the implementation of such decisions, it is abundantly clear that Title VII tolerates no

racial discrimination, subtle or otherwise." *Id*. at 801

26. Discrimination claims under Title VII are analyzed under the burden-shifting framework set forth by the United States Supreme Court in *McDonnell Douglas*. A plaintiff must first present a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he was qualified for the position she held; (3) he suffered an adverse employment action despite being qualified; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir.2003).

27. An adverse employment action "may be ... any action that alters an employee's compensation, terms, conditions, or privileges of employment." *Collins v. Sload*, 212 Fed.Appx. 136, 140 (3d Cir.2007) (Once the plaintiff has established a prima facie case of racial discrimination, "the burden shifts to the [employer] 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' " *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir.1999)

28. It is undisputed that plaintiff, as an African American, is a member of a protected class and that he is qualified for the position.

29. Here, it is alleged that Mayo was terminated after refusing to engage in identical contact as a white employee who was not terminated.

## COUNT III: THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

30. Plaintiff restates and realleges paragraphs 1–29, inclusive, as though set forth here in full.

31. Defendant has discriminated against Plaintiff by denying him the same rights as enjoyed by White employees with respect to the terms and conditions of their employment relationship with Defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

32. Defendant's conduct was intentional, deliberate, willful and conducted in callous disregard of the rights of Plaintiff.

33. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under Section 1981, including but not limited to damages for mental anguish and punitive damages.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter a judgment in his favor and against the Defendant as follows:

a. Declare the conduct engaged in by the defendant be in violation of the plaintiff's statutory rights.

b. Award the plaintiff back pay compensation for his pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

    c.    Award the plaintiff sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

    d.    Award the plaintiff compensatory and punitive damages not otherwise specified.

    e.    Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

    f.    Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

    g.    Such other and further relief as this Court feels proper.

**THE POLIQUIN FIRM, L.L.C.**

/s/ Ronald G. Poliquin
RONALD G. POLIQUIN, ESQUIRE
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE  19904
(302) 702-5501
*Attorney for Plaintiff Thomas T. Mayo*

Filed: June 24, 2021